IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

GEORGIA M. PARKER                                                           PLAINTIFF

v.                      Civil No. 5:23-cv-05009-TLB-MEF

GEORGIA M. PARKER                                                      DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983. Plaintiff proceeds *pro se* and *in forma pauperis*. Pursuant to the provisions of 28 U.S.C. §§ 636(b)(1) and (3), the Honorable Timothy L. Brooks, United States District Judge, referred this case to the undersigned for the purpose of making a Report and Recommendation. The case is before the Court on Plaintiff's failure to obey the Orders of the Court.

                                             **I.**         **DISCUSSION**

Plaintiff initiated this action on January 9, 2023. (ECF No. 1). Plaintiff's Complaint, however, named no defendants; instead, Plaintiff named herself as the only listed defendant, and she vaguely alleged that her "freedom was violated due to my imprisonment – without due process" in December 2018. *Id*. On January 9, 2023, Plaintiff was ordered to file an Amended Complaint by January 30, 2023. (ECF No. 3). Plaintiff has failed to file an Amended Complaint as ordered.

On February 7, 2023, a Show Cause Order (ECF No. 9) was entered. Plaintiff was given until February 28, 2023, to show cause why she failed to obey the Order of the Court. Plaintiff was advised that if she failed to respond to the Show Cause Order the case shall be subject to

dismissal.

To date, Plaintiff has not filed an Amended Complaint or a response to the Show Cause Order. She has not requested an extension of time to file her responses. No mail has been returned as undeliverable. Plaintiff has failed to comply with the Court's Orders. (ECF Nos. 3, 9).

The Federal Rules of Civil Procedure specifically contemplate dismissal of a case on the ground that the plaintiff failed to prosecute or failed to comply with an order of the court. Fed. R. Civ. P. 41(b); *Line v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962) (stating that the district court possesses the power to dismiss *sua sponte* under Rule 41(b)). Pursuant to Rule 41(b), a district court has the power to dismiss an action based on "the plaintiff's failure to comply with *any* court order." *Brown v. Frey*, 806 F.2d 801, 803-04 (8th Cir. 1986) (emphasis added). Additionally, Rule 5.5(c)(2) of the Local Rules for the Eastern and Western Districts of Arkansas requires parties appearing *pro se* to monitor the case, and to prosecute or defend the action diligently.

## II.   CONCLUSION

For these reasons, it is recommended that, pursuant to Rule 41(b), the Plaintiff's Complaint (ECF No. 1) be **DISMISSED WITHOUT PREJUDICE** based on Plaintiff's failure to prosecute this case, her failure to obey the orders of the Court, and her failure to comply with Local Rule 5.5(c)(2). Fed. R. Civ. P. 41(b).

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by**

**the district court.**

DATED this 8th day of March 2023.

/s/ *Mark E. Ford*
_____
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE